798 S.W.2d 399 (1990)
In the Matter of the MARRIAGE OF D--M--B-- and R--L--B-- and in the Interest of R--L--B--, a Child.
No. 07-89-0283-CV.
Court of Appeals of Texas, Amarillo.
October 30, 1990.
*400 Smith & Douglass, Gene Douglass, Wichita Falls, for appellant.
Bird & Bird, Richard D. Bird, Childress, Dan Mike Bird, Quanah, for appellee.
Before REYNOLDS, C.J., and BOYD and POFF, JJ.
BOYD, Justice.
Appellant R___ L___ B___brings this appeal from a judgment dissolving the marriage of herself and appellee D___ M___ B___ and dividing the community property of that marriage. In the judgment appellee was appointed managing conservator of R___, the minor child born to the marriage who was eight years *401 old at the time of trial. Appellant attacks the judgment in thirteen points which we will discuss sequentially. We affirm the judgment of the trial court.
In her first point, appellant argues the trial judge erred in making a comment to the jury concerning appellant's testimony. The colloquy giving rise to this point began when appellee's counsel queried appellant about her complaints concerning appellee's treatment of the minor child. The following exchange gives rise to this point:
A. Those are the physical things. The emotional things are, of course, the most important ones.
[Appellee's counsel]. Your honor, we are not concerned about emotional things in regards to his care of the child, because we feel that she's not qualified.
The Court: Okay. She has answered the question now.
[Appellant's counsel]. I object, your honor, to the witness not being permitted to fully answer the question asked.
The Court: She has answered the question. Overruled.
[Appellant's counsel]. And also, for the purposes of the record, I want to object to the comment by the Court to the jury.
The Court: What comment did I make?
[Appellant's counsel]. The Court stated to the jury that, in the Court's opinion, the witness was finished answering the lawyer's question.
The Court: Okay. Note it for the record, if that is the objection. That is the ruling of this Court.
The general rule is that a presiding judge at a trial must conduct it in a fair and impartial manner and refrain from making unnecessary comment or remarks during the course of a trial which may tend to result in prejudice to a litigant, or is calculated to influence the minds of the jury. Crawford Chevrolet, Inc. v. McLarty, 519 S.W.2d 656, 664 (Tex.Civ.App. Amarillo 1975, no writ). However, it is also the rule that a judge is necessarily allowed discretion in expressing himself while controlling the trial of a case, and reversal of a judgment should not be ordered unless there is a showing of impropriety, coupled with probable prejudice, and the rendition of an improper verdict. Texas Employers Ins. Ass'n v. Draper, 658 S.W.2d 202, 209 (Tex.App.Houston [1st Dist.] 1983, no writ).
When read in the correct context, we do not think the judge's remark was of such a nature as to require reversal. It did not amount to an assessment of the validity of the witness's testimony or an indication of the judge's opinion of her credibility. Moreover, we note that subsequent to the questioned colloquy, in response to her attorney's specific queries, appellant testified in some detail about the child's emotional needs which she felt were not being addressed by appellee. Appellant's first point is overruled.
In her second point, appellant argues the trial court erred in excluding from evidence certain portions of her exhibits 11 and 12. Specifically, appellant complains about the exclusion of the "Childhood Apperception Test" portion of the records of Dr. Phillip C. McGraw, a psychologist, arguing it was admissible by virtue of Texas Rules of Civil Evidence 803 and 805. The test consists of a question and answer dialogue between the minor child and an examiner together with a brief story made up by the child involving three children and their family. According to the doctor, the test in question, together with others received into evidence, was used by him in the treatment and evaluation of the child. The excluded test is denominated as exhibit 11a in the record.
Dr. McGraw testified that he assessed the child as "very much a mainstream young lady" with some stress and anxiety as a result of the parental discord. However, he thought, "long term she's basically very well adjusted."
The excluded portion of appellant's exhibit 12, about which complaint is made, is denominated as exhibit 12a. It is a typed record of statements made by appellant to the doctor and entered by him or under his direction on a sheet entitled "Daily Treatment Record." The sheet contained statements such as, "Child hysterical when she *402 had to go back to father," "Child says she hates father," and "Father inattentive to child's needs." The psychologist testified that it was his practice to receive a history of the complaints and a history of the patient. He records those items he believes to be significant in such a record to assist him in arriving at a diagnosis and course of treatment. The purpose of his examination of appellant, and the history taken, in his words, was
for psychological evaluation to determine basically two things. One, her overall level of adjustment and, two, her suitability as a potential single parent, how adaptive she would be to rearing R___ as the primary managing conservator, so those were the two presenting questions.
Appellant contends that the exhibits were admissible under Texas Rules of Civil Evidence 803(3), (4) and (6)[1]. In connection with exhibit 11a, she particularly contends that certain of the child's responses as to her desire to live with her mother were relevant and admissible as declarations of her state of mind and desire concerning her custody. The nature of appellant's challenge under this and succeeding points requires us to briefly review pertinent rules and applicable principles of law.
Rule 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 802 provides that hearsay is not admissible except as provided by the Rules of Civil Evidence, other rules prescribed by the Supreme Court, or by law. Rule 803, provides that certain types of evidence are not excluded by the hearsay rule even if the declarant is available as a witness. Subsection (3) exempts a statement of the declarant's then existing state of mind, emotion, sensation, or physical condition. Subsection (4) exempts statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof as reasonably pertinent to diagnosis or treatment. Subsection (6) exempts a "memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses" if kept in the regular course of business and if made at or near the time of the event. Rule 805 provides that hearsay included within hearsay is not excluded if each part of the combined statements conforms with an exception to the hearsay rule provided in the rules.
It has long been established in a custody proceeding, that the preference of the child as to its managing conservator, although not controlling, may be weighed along with other evidence in making that decision. However, it is equally well-established that before such testimony may be received, the child must be of a sufficiently mature age to judge for itself. Dunn v. Jackson, 231 S.W. 351, 353 (Tex.Comm'n App.1921, holding approved) (14 years); In Interest of Anglin, 542 S.W.2d 927, 933 (Tex.Civ.App.Dallas 1976, no writ) (10 years); Goodale v. Goodale, 497 S.W.2d 116, 120 (Tex.Civ.App.Houston [1st Dist.] 1973, writ ref'd n.r.e.) (11 years); Brooks v. Brooks, 480 S.W.2d 463, 465 (Tex.Civ.App. Eastland 1972, no writ) (over 14 years); Lewis v. Cushing, 444 S.W.2d 815, 817 (Tex.Civ.App.Beaumont 1969, no writ) (12 years).
The obvious reason for the predicate of maturity is to ensure the reliability of the child's expressions. It is true that the advent of the Texas Rules of Evidence effected a change in a number of the former rules of evidence, and, in particular, in many ways it made less restrictive the hearsay rule and the exceptions thereto. See Ziegler v. Tarrant Cty. Child Welfare Unit, 680 S.W.2d 674 (Tex.App.Fort Worth 1984, writ ref'd n.r.e.).
However, even assuming, arguendo, that hearsay statements of the child's preference were admissible under Rule 803, the necessity for the predicate establishment of *403 maturity would be even more important and should be strictly applied. This follows for the obvious reason that the child would not be on the stand for the jury to observe during the course of her examination. In such an important and critical matter as the appointment of a managing conservator, if the child's preference is to be given weight by the jury, the fact that they may not personally observe the examination of the child and its demeanor during the examination is serious and critical.
At the time of trial, the child in this case was eight years of age. Dr. McGraw was the psychologist under whose supervision the test was conducted. He testified that the object of his examination was to determine "just how does she compare to most children, for example, in her intellectual functioning; is she above average, below average, is she right on the norm, just where would she be in that regard."
He concluded the child was "very much a mainstream young lady. She's a very intelligent young lady, a very sensitive young lady with good feelings about herself, and I think basically well adjusted." He was not asked, and did not testify, about his opinion as to whether she was of sufficient age and maturity to express a reliable opinion as to her preference for managing conservator. The conclusion that she might be an intelligent and well-adjusted eight-year-old is not a sufficient predicate to justify receipt of any statement by her as to her preference. This is particularly true in the case of hearsay recitations such as those considered here. Since we hold the trial court did not err in concluding that the tendered exhibits were not admissible for the purpose of showing the child's state of mind and desire, appellant's second point of error is overruled.
In her third point of error, appellant complains of the exclusion of a statement which she says was made by the child in her presence and that of appellee. Appellant had testified that she had taken the child to rehearsals for a Christmas pageant in the past. On the day of the pageant, her visitation period ended at 6:00 p.m. She asked appellee for permission to take the child to the pageant which, according to her, was refused with the statement that appellee would take the child. She then sought to testify that "R___ then said she would not go" which was excluded.
Appellant's argument is that the proffered statement was admissible as a statement of the child's existing emotional condition admissible under Rule 803(3). We disagree. Not only is there the lack of the maturity predicate discussed by us above, Rule 402 provides that evidence which is not relevant is inadmissible. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 103 provides, "error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." The child's statement was not so relevant to the question of custody as to make its exclusion a denial of a substantial right of appellant. Appellant's third point is overruled.
In her fourth point, appellant attacks the exclusion of testimony by her that on October 22, 1978, when she returned the child to appellee after a visitation period, the child, in appellee's presence, told her that she, the child, wanted to be with appellant. Appellant's initial argument is that the testimony was admissible to impeach prior testimony by appellee that the child had never told him with whom she wanted to live. The record reveals immediately prior to the time this testimony was tendered, appellant was asked if she had ever been present when the child told appellee who she wanted to be with or stay with. Appellant answered the question affirmatively. Appellee's attorney then objected to "that" as hearsay and the objection was sustained. However, the jury was never instructed to disregard the answer previously given. That being the case, her conflicting answer was before the jury to be considered for impeachment purposes. Moreover, the rules do not create an exception to the hearsay rule allowing receipt of *404 third party statements for impeachment purposes.
Appellant also contends that the testimony was admissible as an expression of the child's mental or emotional condition, i.e., her preference of custodial award. For the reasons expressed in our discussion of appellant's second point, even assuming the present hearsay exceptions otherwise allowed the receipt of the statements, no proper predicate for their receipt is shown. Appellant's fourth point is overruled.
In her fifth point, appellant challenges the exclusion of a letter written by the child to her in which the child says she wants to be with her. She contends that the document is admissible both as an expression of the child's mental state and because of appellee's prior testimony, without objection, that the child had told him that she wanted to stay with him in Quanah after appellant moved to Dallas. In her sixth point, she complains of the exclusion of her exhibits 35 and 37 which were drawings and notes addressed by the child to her expressing her love for, and desire to be with, her mother. For the reasons expressed in our discussion of points two through four, we overrule appellant's fifth and sixth points.
In her seventh point of error, appellant posits the court erred in refusing to allow her to use her exhibit 11 in cross-examination of appellee's witness, Mike Gamble. Mr. Gamble was a business partner and neighbor of appellee. He had testified that the child appeared to be happy, well-cared for and well-adjusted to her environment with appellee. He also concluded that appellee "can take care of her (the child). I believe she should stay with him."
In the sequence giving rise to this point of error, appellant had been reading from a portion of her exhibit 11 (the California Test of Personality). For a period, counsel had been reading the child's answers to questions on the test which required a simple yes or no answer. His technique had been to read the question and the child's answer ending with the query "Does that surprise you?"
After a period of time, the objection in question was made and sustained with the qualification that if counsel wanted to "summarize some questions and put to this person, we can go that way." In view of all the surrounding circumstances, including the permitted thoroughness of the cross-examination and the fact that the exhibit was in evidence, we do not think the trial judge reversibly erred in exercising his supervisory powers in making that particular ruling. Moreover, from an examination of this extensive record, we do not believe appellant has borne her burden of establishing that the court's ruling represented error of such magnitude that it was reasonably calculated to, and probably did, cause the rendition of an improper verdict in this case. City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860, 863 (1952); Tex. R.App.P. 81(b).
While appellant also complains of a comment by the judge at the time of the objection, no trial court objection was made by her to the judge's remark. That being the case, the error, if any, has been waived. Fenno v. Jacobe, 657 S.W.2d 844, 847 (Tex. App.Houston [1st Dist.] 1983, writ ref'd n.r.e.). Appellant's seventh point is overruled.
In her eighth point, appellant attacks the refusal of the trial court on two occasions to allow her witness, Dr. V.C. Saied, to state his opinion whether appellant or appellee would be best equipped to provide for the future of the child and for her best interest. The witness had previously testified that he was an anesthesiologist and that he had known appellant almost since her birth. He also said that over the years he had occasion to see the child, appellant and the maternal grandmother on "numerous, numerous times," and "on rare occasion D___ M___ would be in the group too." Moreover, he testified that he had not seen anything about the way appellant had raised the child that he thought inappropriate or wrong. He also said he saw very little interaction between appellee and appellant "when we were all present together."
*405 We have viewed the testimony of the witness in its totality. When that testimony is considered together with the remainder of this extensive record, we do not find that appellant has demonstrated that the trial court's refusal to receive the witness' opinion that appellant would be the most qualified parent to be awarded custody was of sufficient magnitude to require reversal. Appellant's eighth point is overruled.
In her ninth point, appellant challenges the trial court requirement that Dr. Saied testify about the value of his house over the objection of appellant. We agree that this testimony was not relevant to an issue in the case. However, Rule 103(a) instructs us that error may not be predicated on a ruling which admits or excludes evidence unless a substantial right of the party is affected. We do not find that requiring the witness to answer that question was sufficient to place the witness and his credibility in a bad light as appellant claims; neither did it affect a substantial right of appellant. Appellant's ninth point is overruled.
In her tenth point appellant complains of the refusal of the trial court to allow the maternal grandmother to testify that the child had told her, "I'm the unluckiest girl in the whole wide world," and "Oh, if I were in a wreck, I wish I could die." Appellant contends the statements were admissible under Rule 803(1), (2) and (3). Under the reasoning and authorities explicated in our discussion under points two through six, we disagree. Parenthetically, we note that this witness was allowed to, and did, testify that the child should be with her mother. Appellant's tenth point is overruled.
In her eleventh point appellant argues that the trial court failed to give her due process of law by denying her a trial concerning the visitation rights to be awarded to her. The thrust of this argument is that, although the trial court noted in its docket that it would enter visitation for appellant "in accordance with guidelines of this district as may be altered for distance," the final order differed in several respects from those guidelines. Therefore, reasons appellant, when the court failed to follow those guidelines, it denied appellant a trial on this issue and due process of law. We disagree.
It is well established that the trial judge is in a better position than the appellate court to determine what would be in the best interest of a child since the trial judge faces the parties and their witnesses, observes their demeanor and has the opportunity to evaluate the claims made by each of them. For that reason, the rule is established that in determining what is best for the minor children in a custody proceeding, the trial court's judgment will not be disturbed by an appellate court unless there has been a clear abuse of discretion. Herrera v. Herrera, 409 S.W.2d 395, 396 (Tex. 1966); Bergerac v. Maloney, 478 S.W.2d 111, 113 (Tex.Civ.App.Beaumont 1972, no writ).
In Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986), we are instructed:
The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles (citation omitted). Another way of stating the test is whether the act was arbitrary or unreasonable (citations omitted). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred (citations omitted).
Parenthetically, we note that Texas Family Code Annotated § 14.033(k) (Vernon Supp.1990) provides that a trial court may determine that the application of the guidelines set out in that statute would be unworkable or inappropriate under the surrounding circumstances and not in the best interest of the child. This record does not support appellant's contention that she was deprived of due process in the trial court *406 definition of visitation nor does it show an abuse of his discretion in making his order.
Under this point, appellant also asserts that at the new trial hearing, provision 9 of the visitation order, which requires appellant to obtain written consent of appellee before removing the child from the state, was ordered removed. The record shows that appellant raised the question at the hearing and a dialogue then ensued. The upshot of that discussion was the suggestion that since the judgment had already been signed and the trial court had reserved the right to make "orders necessary to clarify and enforce this decree," a "clarification" order be entered. With the comment, "Why don't you fix it that she can't take the child out of State without prior notification," the court approved that suggestion. Under these circumstances, we do not feel justified in reforming the judgment before us. This is particularly true since the record does not show that such an order has ever been prepared and submitted to the trial judge for his approval. Appellant's eleventh point is overruled.
In her twelfth point, appellant asserts the trial court abused its discretion in the division of property awarded in its decree. In the division of property, as in custodial and visitation matters, the trial court has wide discretion which may be corrected on appeal only when an abuse of discretion has been shown. Murff v. Murff, 615 S.W.2d 696, 698 (Tex.1981). The trial court may consider the fault of one spouse in breaking up the marriage when making a property division. Id. An abuse of discretion is shown where the disposition is manifestly unjust and unfair. Hooper v. Hooper, 403 S.W.2d 215, 217 (Tex.Civ.App.Amarillo 1966, writ dism'd).
The evidence on the value of the community property and the value of the equities, if any, in the property was conflicting. Under this record, we cannot hold that the trial court's resolution of those factual questions and division of the property was so manifestly unfair and unjust as to amount to an abuse of its discretion. Appellant's twelfth point is overruled.
In her thirteenth point, appellant says that the trial court erred in awarding items of her separate property to appellee. When considered as a whole, the record does not support that contention. Appellant's thirteenth point is overruled.
In conclusion, without denominating it as a separate point, appellant argues that she has demonstrated numerous trial errors, particularly those of an evidentiary nature, and, even if some of those asserted errors might be viewed as harmless, the overall effect was that appellant received an unfair trial. We do not agree that the record supports such a conclusion.
In summary, all of appellant's points are overruled and the judgment of the trial court is affirmed.
NOTES
[1] Other references to rule numbers in this discussion are to the Texas Rules of Civil Evidence unless otherwise noted.