Eduardo VALENZUELA, Appellant,

v.

ST. PAUL INSURANCE COMPANY,
Appellee.

No. 04–93–00552–CV.

Court of Appeals of Texas,
San Antonio.

June 15, 1994.

Blas H. Delgado, San Antonio, for appellant.

Lamont A. Jefferson, Davis, Adami & Cedillo, Wallace B. Jefferson, Crofts, Callaway & Jefferson, San Antonio, for appellee.

CHAPA, C.J., and RICKHOFF and STONE, JJ.

---

1. We note that the district judge who allegedly made these comments is not the judge who pre-

## OPINION

STONE, Justice.

This appeal arises from a workers' compensation suit brought by Eduardo Valenzuela. The jury found that Valenzuela sustained a limited duration of partial incapacity, and that he unjustifiably refused employment for a certain period of time. The trial court entered judgment on the verdict. Valenzuela sought a new trial alleging, in part, that reversible error was committed when the district court judge who presided over the prospective jurors in the central jury room made prejudicial comments regarding law suit abuse and criminal activity.[1] We affirm the trial court's judgment.

In his motion for new trial Valenzuela presented a copy of a letter written by a San Antonio attorney to a Bexar County district court judge. In the letter the attorney stated that he reported for jury duty on March 29, 1993 (the day of jury selection in Valenzuela's case), and that while the potential jurors were being briefed by the presiding district court judge, the judge made two "unfortunate remarks." Specifically, the attorney reported that the judge:

> explained that even though it would seem like a lot of time was passing with nothing happening, that the lawyers in the courtroom (sic) in both courthouses were working hard to resolve their differences. They were trying to resolve differences because they knew that if they could not do so, "... they will have to face you and they know that you are sick and tired of crime and that you are sick and tired of lawsuit abuse and that you are tough and will not stand for it."

Valenzuela argues that the jurors selected to serve in his case were adversely influenced by these comments, and that the prejudice of the jurors resulted in what he considers an unfavorable jury verdict.

The remarks complained of are indeed "unfortunate." The general public is currently besieged with information regard-

sided over the trial.

ing criminal activity—gang warfare, drive-by shootings, and drug-related violence. A typical nightly newscast in San Antonio is often referred to as body count reporting. Likewise, residents of Bexar County are subjected to large billboards informing them that lawsuit abuse presents a situation in which "we all lose, we all pay." Other billboards inform citizens that they must know and protect their legal rights. In short, the public is engaged in debate about both crime and lawsuit abuse. Litigants can determine jurors' perspectives on this debate through voir dire questioning. *See Martin v. Khoury*, 843 S.W.2d 163, 166 (Tex.App.—Texarkana 1992) (orig. proc.). This debate has no place in the central jury room, however, where potential jurors are provided with general instructions about jury duty. District judges who preside over the general panels of potential jurors must organize, control and supervise the members of the general jury panel. TEX. GOVT' CODE ANN. § 62.016(c) (Vernon 1988). Comments made by the presiding judge to the panel of prospective jurors, when there are no lawyers present to object or otherwise protect the rights of their clients, can be of particular influence on the jurors, and thus should not be made lightly. The presiding judge at a trial must conduct it in a fair and impartial manner and refrain from making comments which may tend to cause prejudice to a litigant or which are calculated to influence the minds of the jury. *In re Marriage of D.M.B. and R.L.B.*, 798 S.W.2d 399, 401 (Tex.App.—Amarillo 1990, no writ). There is no reason why this rule should not apply equally when a judge presides over the panel of prospective jurors.

In order to reverse a judgment on the ground of judicial misconduct the complaining party must show either bias of the judge or that he suffered probable prejudice. *Pitt v. Bradford Farms*, 843 S.W.2d 705, 708 (Tex.App.—Corpus Christi 1992, no writ). Similarly, a complaint of improper communication to a jury must be supported by evidence. TEX.R.CIV.P. 327. Valenzuela has failed to provide any competent evidence of such misconduct or improper communication.

Valenzuela has not brought forward a sufficient record from which this Court can determine whether error occurred, or if any error was harmful. In the absence of a complete statement of facts, or a properly authenticated and prepared partial statement of facts, this court must presume that the evidence supports the judgment. *See Englander v. Kennedy*, 428 S.W.2d 806, 806 (Tex. 1968). Likewise, Valenzuela failed to provide any evidence at the motion for new trial hearing to prove his claim that the jury was improperly influenced by the comments of the judge in the central jury room. There are no affidavits from any of the jurors, no testimony from the attorney who was present when the comments were made, no bystander bill, and no indication that the jurors were influenced in any way by the comments. Indeed, the attorney's letter which complains about the anti-crime and anti-lawsuit abuse statements is not authenticated in any fashion. Valenzuela merely attached a photocopy of the letter to his unsworn motion for new trial. Under this record we cannot say that the comments allegedly made in the instant case resulted in rendition of an improper judgment. Point of error number one is overruled.

In his second point of error Valenzuela contends that he was denied effective assistance of counsel when the trial judge asked him if he wanted a mistrial, and allegedly did not allow him to confer with his attorney before answering the question. Appellant has failed to bring forth a statement of facts reflecting this matter, so it must be presumed that the trial court acted properly. *Murray v. Devco, Ltd.*, 731 S.W.2d 555, 557 (Tex.1987); *Englander Co. v. Kennedy*, 428 S.W.2d at 807. The burden is on the appellant to bring forth a record demonstrating reversible error. TEX.R.APP.P. 50(d), 53(k); *Murray v. Devco, Ltd.*, 731 S.W.2d at 557. Valenzuela's second point of error is overruled.

Appellee contends that Valenzuela's appeal was taken for delay only, and asks that we impose sanctions. We decline to do so. An appellate court may impose sanctions if it finds that the appeal was taken solely for delay and without just cause. TEX.R.APP.P. 84; *Gregory v. MBank Corpus Christi, N.A.*,

716 S.W.2d 662, 667 (Tex.App.—Corpus Christi 1986, no writ). In making this determination, the court must look at the evidence and law from the appellant's point of view and see if there was any reason to believe the appeal might be upheld. *Employers Ins. of Wausau v. Horton*, 797 S.W.2d 677, 682 (Tex. App.—Texarkana 1990, no writ). This state has an open courts policy and litigants are encouraged to file legitimate appeals. Therefore, appellate courts are reluctant to impose sanctions, except in cases that could only have been taken for purposes of delay where no reasonable hope of reversal existed. *See Bower v. Edwards County Appraisal Dist.*, 752 S.W.2d 629, 636 (Tex.App.—San Antonio 1988, writ denied). We do not find that this appeal was taken solely for purposes of delay and without sufficient cause. While Valenzuela failed to bring forward a complete record, he has raised an issue of possible abuse that he framed in terms of fundamental error. Although we do not agree with Valenzuela's claim of error, we do not believe that sanctions are appropriate. Appellee's cross point of error is overruled.

The judgment of the trial court is affirmed.