# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-11-00601-CV

_____

### IN RE COMMITMENT OF ERIC DWAYNE STEVENSON

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-03-02405 CV**

### MEMORANDUM OPINION

The State of Texas filed a petition seeking to civilly commit Eric Dwayne Stevenson as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012) (SVP statute). A jury found that Stevenson is a sexually violent predator, and the trial court rendered a final judgment and an order of civil commitment. Stevenson appeals from the final judgment, challenging the legal and factual sufficiency of the evidence, the denial of his motion to dismiss for lack of jurisdiction, the exclusion and admission of

1

expert testimony, and two matters which arose in jury selection. We affirm the trial court's judgment.

*The Statute*

Under the SVP statute, the State bears the burden of proving beyond a reasonable doubt that the person it seeks to commit for treatment is a sexually violent predator. *Id.* § 841.062 (West 2010). As defined by the Legislature, a sexually violent predator is a person who "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a) (West 2010). Under the statute, a "'[b]ehavioral abnormality'" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2) (West Supp. 2012). Previously, we have stated that "[a] condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied).

2

*Plea to the Jurisdiction*

In his first issue, Stevenson argues that the State failed to prove that he had previously been convicted of more than one sexually violent offense; he contends that without evidence of two prior convictions, the trial court was deprived of jurisdiction to act in his case. Prior to trial, Stevenson filed a motion to dismiss for lack of jurisdiction. According to Stevenson, at the hearing on the motion, he conclusively established that he was not a repeat sexually violent offender by showing that he had committed only one prior sexually violent offense. *See* Tex. Health & Safety Code Ann. § 841.003(b) (West 2010) (providing that a person is a repeat violent offender if the person is convicted of more than one sexually violent offense). Stevenson argues that in one of the cases on which the State relied to prove that he had two prior convictions for sexually violent crimes, the judgment shows that he was convicted of a "garden-variety burglary[,]" not a sexually violent offense. He concludes that the evidence regarding his conviction in that case, Cause Number 0476258 D, negates the State's claim that he was a repeat sexually violent predator.

Stevenson's motion is supported by a certified copy of the transcript of his guilty plea hearing in Cause Number 0476258 D, certified copies of the judgment, the indictment, his judicial confession, and other paperwork that relates to Cause

Number 0476258 D. The State filed a written response, arguing that the judgment, the judicial confession, and the indictment in Cause Number 0476258 D show that Stevenson pleaded guilty and was convicted under count two of the indictment, and that these instruments, when considered together, show Stevenson was convicted of burglarizing a habitation with the intent to commit sexual assault.

After the trial court considered certified copies of the indictment and judgment in Cause Number 0476258 D, along with other paperwork related to Stevenson's burglary conviction, the trial court denied Stevenson's motion to dismiss. The parties in the appeal have treated Stevenson's motion to dismiss as a motion for summary judgment; however, the motion that Stevenson filed in the trial court is titled "Respondent's Motion to Dismiss for Lack of Jurisdiction and for Lack of Two Qualifying Convictions."

"A plea to the jurisdiction is a dilatory plea, the purpose of which is generally to defeat an action 'without regard to whether the claims asserted have merit.'" *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012) (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). "Typically, the plea challenges whether the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case." *Id.* "However, a plea to the jurisdiction can also properly challenge the *existence* of those very

4

jurisdictional facts[,]" and "the court can consider evidence as necessary to resolve any dispute over those facts, even if that evidence 'implicates both the subject-matter jurisdiction of the court and the merits of the case.'" *Id.* (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

Stevenson's motion to dismiss asserts that he had not previously been convicted of more than one sexually violent offense. We have previously stated that the SVP statute "does not contain any express language indicating the 'repeat sexually violent offender' requirement is jurisdictional, and we do not believe that it is." *In re Commitment of Hall*, No. 09-09-00387-CV, 2010 Tex. App. LEXIS 8096, at *2 (Tex. App.—Beaumont Oct. 7, 2010, no pet.); *see also In re Commitment of Petrus*, No. 09-11-00390-CV, 2012 Tex. App. LEXIS 4686, *6 (Tex. App.—Beaumont June 14, 2012, no pet.) ("A mandatory provision in a statute is not construed as jurisdictional absent clear legislative intent to that effect."). Consistent with our prior cases, we do not construe the requirement that the State prove the defendant has been convicted of more than one prior sexually violent offense as a jurisdictional requirement. *See Hall*, 2010 Tex. App. LEXIS 8096, at *2. Because the requirement is not jurisdictional, the trial court did not abuse its discretion by denying Stevenson's motion to dismiss.

5

The petition the State filed was sufficient to invoke the trial court's jurisdiction over the dispute because it alleges that Stevenson is a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.041(a) (West 2010). Thus, the State's petition contains allegations sufficiently demonstrating that the trial court possessed subject matter jurisdiction over the dispute. *See id.* We conclude the trial court did not err by denying Stevenson's motion to dismiss. We overrule issue one.

*Sufficiency of the Evidence*

In issues two through four, Stevenson argues the evidence admitted during his trial was legally and factually insufficient to prove that he committed more than one sexually violent offense.[1] We review issues challenging the sufficiency of the evidence under established standards. Challenges to the legal sufficiency of the evidence are either "'no evidence'" or "'matter of law'" challenges, depending on which party has the burden of proof. *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.*, 766 S.W.2d 264, 275 (Tex. App.—Amarillo 1988, writ denied). Although Stevenson did not have the burden of proof on the issue submitted to the jury, Stevenson mistakenly challenges the jury's finding on the basis that it was against the greater weight and preponderance of the evidence. *See id.* at 275-76

---

[1]Issue two asserts a legal sufficiency challenge to the jury's finding. Issue three asserts a factual sufficiency challenge to the jury's finding. Issue four asserts that the jury's implied finding that Hernandez is a repeat sexually violent predator is against the overwhelming weight of the evidence.

(explaining that challenges that contend that a jury's finding is against the greater weight and preponderance of the evidence are made by parties who fail to prevail on an issue on which the complaining party had the burden of proof).

We need not address issue four in light of issues two and three, which properly characterize Stevenson's challenge to the jury's finding that he is a sexually violent predator. In issue two, Stevenson argues that there is legally insufficient evidence to support the finding that he is a repeat sexually violent offender. Issue three asserts the evidence is factually insufficient to support the jury's verdict.

To prevail on his legal sufficiency issue, Stevenson must show that no evidence supports the jury's finding. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983); *Christus St. Mary Hosp. v. O'Banion*, 227 S.W.3d 868, 873 (Tex. App.—Beaumont 2007, pet. denied). Under the SVP statute, the State must prove, beyond a reasonable doubt, that "the person is a sexually violent predator." Tex. Health & Safety Code Ann. § 841.062(a). As defined by the Legislature, a sexually violent predator is a person who "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a).  A person is a "repeat sexually violent offender" if, among other things, "the person is convicted of more than one

sexually violent offense and a sentence is imposed for at least one of the offenses[.]" *Id.* § 841.003(b) (West 2010). A number of offenses are defined as "'[s]exually violent offense[s]'" under the SVP statute, including a conviction for sexually assaulting a child and a conviction for burglarizing a habitation with the intent to commit sexual assault. *Id*. §§ 841.002(8)(A), (8)(C).

"[T]he burden of proof at trial necessarily affects appellate review of the evidence." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002); *see City of Keller v. Wilson*, 168 S.W.3d 802, 817 (Tex. 2005). Because the SVP statute employs a beyond-a-reasonable doubt burden of proof, we assess all the evidence in the light most favorable to the verdict to determine whether any rational trier-of-fact could find, beyond a reasonable doubt, the elements required for commitment under the SVP statute in resolving a legal sufficiency challenge. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). It is the responsibility of the trier-of-fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* at 887.

We also note the standard relevant to reviewing a factual sufficiency challenge in SVP cases. In reviewing a challenge to the factual sufficiency of the evidence in SVP cases, we must weigh the evidence to determine whether a verdict

8

that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that compels ordering a new trial. *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied). The risk of an injustice arising from the weight of the evidence is necessarily slight when the burden of proof is beyond a reasonable doubt and the evidence is legally sufficient. *Id.* Nonetheless, "if in the view of the appellate court after weighing the evidence, the risk of an injustice remains too great to allow the verdict to stand, the appellate court may grant the defendant a new trial." *Id.*

Stevenson's challenges in issues two and three concern whether the evidence shows he was previously convicted of more than one sexually violent offense. According to Stevenson, the evidence from the trial shows that he was convicted of burglarizing a habitation, but the evidence does not show that the burglary was committed with intent to commit sexual assault. During the trial, the trial court admitted a pen packet containing three judgments of conviction, two of which the State contends were for sexually violent offenses. On appeal, Stevenson has not complained that the trial court erred in admitting the pen packet, and he does not complain that the State's evidence is legally or factually insufficient to show that one of his convictions was for sexually assaulting a child. Instead, Stevenson argues that the evidence fails to demonstrate that the other conviction on which the

State relies, a 1993 conviction for burglarizing a habitation, establishes that the burglary conviction was a sexually violent offense. Stevenson contends that without sufficient evidence that he committed more than one sexually violent crime, the judgment should be reversed.

We disagree that the evidence is legally and factually insufficient to prove that Stevenson had two prior convictions for sexually violent offenses. The evidence admitted during Stevenson's trial includes Stevenson's indictment and resulting judgment that relate to his conviction for burglary. Count two of the indictment that relates to his 1992 burglary conviction alleges that Stevenson entered the habitation with the intent to commit sexual assault. The judgment the trial court rendered in Cause Number 0476258 D, the 1992 burglary case, reflects that Stevenson pled guilty to count two of the indictment and reflects that he was sentenced to twenty-five years in prison. With respect to reviewing the evidence, we may consider the indictment in determining the offense for which Stevenson was convicted. *See Hughes v. State*, 493 S.W.2d 166, 170 (Tex. Crim. App. 1973) ("The indictment may be considered in construing the judgment and sentence in order to determine the offense for which an accused is convicted.").

The evidence admitted during Stevenson's trial also includes the judicial confession that Stevenson signed in the 1992 burglary case. The judicial confession states:

> Upon my oath I swear my true name is <u>Eric Dwayne Stevenson</u> and I am <u>22</u> years of age; I have read the indictment or information filed in this case and same has been reviewed with me by my attorney and I understand all matters contained therein; I committed each and every act as alleged therein, except those acts expressly waived by the State; I am guilty of the offense as alleged as well as all lesser included offenses; all enhancement and habitual allegations set forth in the indictment, if any, are true and correct, except those expressly waived by the State[.]"

Stevenson's judicial confession covered all of the elements of the charged offense, as he admitted to committing each and every act as alleged in the indictment. The judgment, indictment, and the judicial confession that Stevenson signed, all of which relate to his conviction in Cause Number 0476258 D, show that Stevenson was convicted of burglarizing a habitation with the intent to commit sexual assault. Stevenson's prior conviction for sexually assaulting a child is unchallenged. We conclude that the evidence admitted during trial was legally and factually sufficient to establish that Stevenson had been convicted of more than one sexually violent offense. *See* Tex. Health & Safety Code Ann. §§ 841.002(8)(A), (8)(C).

11

We further conclude that Stevenson has not demonstrated that affirming the judgment presents a risk of injustice that compels us to order a new trial. *See Day*, 342 S.W.3d at 213. We overrule Stevenson's arguments that the evidence is insufficient to support the jury's finding that he is a repeat sexually violent offender. We overrule issues two through four.

*Refusal to Modify the Discovery Control Plan*

In issue five, Stevenson argues that the trial court abused its discretion by denying his request to enter a new discovery control order that would have allowed him to designate an additional expert witness, Dr. John Tennison, a psychiatrist. On August 19, 2011, Stevenson filed a motion requesting that the trial court issue a new discovery order to allow him to "designate a rebuttal expert witness and other discovery that may be conducted by either party." Stevenson's motion asserts that Stevenson's initial trial, which began on August 8, 2011, ended in a mistrial, and "there is no valid discovery order in place." On August 23, 2011, the trial court denied Stevenson's motion, noting on its order that "[t]he case has once gone through the discovery process. The Court finds no reason to re-open discovery." In the same order, the trial court set Stevenson's case for trial on September 12, 2011.

Four days before Stevenson's trial was to begin, Stevenson filed a writ of mandamus, alleging the trial court had abused its discretion by refusing to issue an

order containing new discovery deadlines. *In re Stevenson*, No. 09-11-00499-CV, 2011 Tex. App. LEXIS 7460 (Tex. App.—Beaumont Sept. 9, 2011, orig. proceeding) (mem. op.) We denied the petition, stating that "Relator has failed to establish an abuse of discretion by the trial court for which an appeal would not be an adequate remedy." Stevenson's trial began on September 12.

Just before Stevenson rested, he provided the trial court with Dr. Tennison's affidavit, in which Dr. Tennison criticized the methodology of two of the State's experts, Dr. Michael Arambula and Dr. Antoinette McGarrahan, who testified as witnesses during Stevenson's trial. However, Stevenson provides no excuse for his delay in discovering the methodologies followed by Dr. Arambula and Dr. McGarrahan. For instance, it appears that Dr. Arambula gave a deposition in Stevenson's case in June 2011, so he would presumably have known of the methodology he followed at that time. Additionally, Dr. McGarrahan gave her deposition in Stevenson's case, but we are unable to determine from the record before us when she did so.[2] Nevertheless, it was Stevenson's burden to demonstrate that the trial court was required to allow him to supplement discovery.

---

[2]Based on the questions Stevenson's counsel asked Dr. Arambula in their cross-examinations at trial, it appears that Dr. Arambula's and Dr. McGarrahan's depositions were taken, but the transcripts of the depositions are not before us. Because Stevenson filed a request to designate the appellate record based on Rule 34.5 of the Texas Rules of Appellate Procedure, the court's clerk was not required

13

The record shows that the State filed its original petition and request for disclosure on March 3, 2011. On March 8, 2011, the trial court entered a docket control order requiring that the State designate its experts by April 11, 2011, and requiring Stevenson to designate his experts by May 9, 2011. However, with respect to expert discovery, the docket control order expressly states: "This list is not a substitute for any discovery supplementation required by the TRCP." The docket control order also required that all motions challenging expert testimony be filed by July 8, 2011. The State designated the expert witnesses that it called at trial on March 31, 2011. The record does not contain a motion challenging either Dr. Arambula's or Dr. McGarrahan's testimony. Stevenson's supplemental designation, identifying Dr. Tennison as "an expert witness for purely rebuttal purposes[,]" was not filed until August 19, 2011, less than thirty days before Stevenson's September 2011 trial.

The Texas Rules of Civil Procedure allow a trial court to impose a discovery schedule on the parties. When it renders such an order, its order "shall control the subsequent course of the action, unless modified at the trial to prevent manifest

---

to include all of the documents filed in the appellate record. *See* Tex. R. App. P. 34.5; Tex. R. Civ. P. 203.2.

injustice." Tex. R. Civ. P. 166. A trial court's authority to modify a discovery control plan is governed by Rule 190.5, which provides:

> The court may modify a discovery control plan at any time and must do so when the interest of justice requires. Unless a suit is governed by the expedited actions process in Rule 169, the court must allow additional discovery:
>
> (a) related to new, amended or supplemental pleadings, or new information disclosed in a discovery response or in an amended or supplemental response, if:
>
> > (1) the pleadings or responses were made after the deadline for completion of discovery or so nearly before that deadline that an adverse party does not have an adequate opportunity to conduct discovery related to the new matters, and
> >
> > (2) the adverse party would be unfairly prejudiced without such additional discovery;
>
> (b) regarding matters that have changed materially after the discovery cutoff if trial is set or postponed so that the trial date is more than three months after the discovery period ends.

Tex. R. Civ. P. 190.5. Stevenson argues that the docket control order, which anticipated a trial date beginning August 8, 2011, no longer controlled discovery when his trial that began on August 8 resulted in a mistrial.

Because the parties' obligation to supplement discovery under the trial court's docket control order required the parties to follow the Texas Rules of Civil Procedure in supplementing their responses, Stevenson was required to identify Dr. Tennison as an expert witness in a reasonably prompt manner. *See* Tex. R. Civ. P.

15

193.5(b) (requiring that a party supplement with respect to the identities of its experts in a reasonably prompt manner "after the party discovers the necessity for such a response"). Stevenson designated Dr. Tennison for the first time as an expert on August 19, which was less than thirty days before the trial that began on September 12. Because Stevenson's August 19 supplemental response to the State's original request for disclosure was made less than thirty days before trial, it is presumed that the supplementation designating Dr. Tennison as an expert "was not made reasonably promptly." *Id.*

Rule 193.6, with two exceptions, requires trial courts to exclude evidence when a party has not supplemented discovery in a timely manner. Tex. R. Civ. P. 193.6(a). A trial court's decision to exclude a witness who was not timely designated in the discovery process is reviewed for abuse of discretion. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 297-98 (Tex. 1986). A trial court abuses its discretion when it acts without reference to any guiding rules and principles, or if it acts arbitrarily and unreasonably. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Because Stevenson's designation was untimely, he had the burden of establishing either good cause or the lack of unfair surprise or the absence of unfair

16

prejudice. *See* Tex. R. Civ. P. 193.6(b). The only evidence Stevenson submitted to the trial court regarding why he wanted to call Dr. Tennison was Dr. Tennison's affidavit. While it appears that if allowed to testify, Dr. Tennison would have criticized the testimony of Dr. Arambula and Dr. McGarrahan, Dr. Tennison's affidavit is silent about why he could not have provided his opinions more than thirty days before Stevenson's trial. Given that Stevenson obtained the depositions of the two experts that Dr. Tennison wanted to criticize, there is also nothing in the record to show that Stevenson could not have anticipated that he might need experts to criticize the methodology followed by the State's experts. *See Moore v. Mem'l Hermann Hosp. Sys., Inc.*, 140 S.W.3d 870, 875 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (stating that rebuttal witness whose use reasonably could have been anticipated was not exempt from disclosure requirements). Finally, there is nothing in the record to explain why other expert witnesses that Stevenson timely designated could not have explained how experts should reach opinions in determining whether a person is a sexually violent predator.

The authority on which Stevenson's argument is based addressing the effect of a mistrial on a docket control order is distinguishable. *State Dep't. of Hwys. & Pub. Transp. v. Ross*, 718 S.W.2d 5 (Tex. App.—Tyler 1986, orig. proceeding). In *Ross*, the Tyler Court found the trial court abused its discretion by enforcing an

17

order that prevented the parties from pursuing any discovery in a twelve month period before the date the case was set for retrial. *Id.* at 7-8, 11. In the case now before us, the question is whether the trial court abused its discretion by refusing to allow a party to supplement discovery within thirty days of the date of trial, an issue that was not presented in *Ross*.

By denying Stevenson's motion to modify the discovery order and noting on the order that the court found no reason to reopen discovery, the trial court made it clear that it considered the requirements of the docket control order to remain in place because matters had not materially changed after the date the trial court established for discovery to end. *See* Tex. R. Civ. P. 190.5 (providing that trial court must allow additional discovery "regarding matters that have changed materially after the discovery cutoff if trial is set or postponed so that the trial date is more than three months after the discovery period ends"). Because the trial court promptly scheduled a new trial that was to occur thirty-three days from the date it granted a mistrial, because the trial court indicated that there was no reason to reopen discovery, and because nothing in the record explains why an expert critical of the expected testimony of the State's experts could not have been timely designated under the deadlines of the trial court's docket control order, the trial court was not required to reset the discovery deadlines. *See Sprague v. Sprague*,

18

363 S.W.3d 788, 800 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). We conclude that the trial court had the discretion to exclude Dr. Tennison from testifying as a witness when Stevenson's case was retried. We overrule issue five.

*Denial of Motions to Strike Testimony of Drs. McGarrahan and Arambula*

In issues eight and nine, Stevenson challenges the trial court's denial of his motions to strike the testimony of the State's expert witnesses, Dr. McGarrahan, a forensic psychologist, and Dr. Arambula, a forensic psychiatrist. Stevenson argues that Dr. McGarrahan and Dr. Arambula misunderstood the statutory requirements with respect to the term "sexually violent predator." *See* Tex. Health & Safety Code Ann. § 841.003(a). According to Stevenson, the expert testimony presented by the State on the subject of whether Stevenson was a sexually violent predator was unreliable because the State's experts improperly assumed that having a behavioral abnormality makes a person automatically likely to engage in a predatory act of sexual violence. The trial court overruled Stevenson's motions to strike.

Stevenson attacks the reliability of the opinions of Dr. McGarrahan and Dr. Arambula for merging concepts of behavioral abnormality and propensity to recidivate, but the Texas Supreme Court has explained that "whether a person 'suffers from a behavioral abnormality that makes the person likely to engage in a

19

predatory act of sexual violence' is a single, unified issue." *In re Commitment of Bohannan,* 388 S.W.3d 296, 303 (Tex. 2012). In his argument, Stevenson relies on an interpretation for the term "sexually violent predator" that the Texas Supreme Court rejected in *In re Commitment of Bohannan. Id*. at 302-303.

During closing arguments, the State's attorney explained that the question for the jury was whether Stevenson has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence and argued that the evidence supports such a finding. The trial court's definitions of "sexually violent predator" and "behavioral abnormality" track those contained in the SVP statute. *See* Tex. Health & Safety Code Ann. §§ 841.002(2), 841.003(a). In *Bohannon*, the Texas Supreme Court specifically rejected the argument that the condition and predisposition were separate. *See Bohannan*, 388 S.W.3d at 303. Because the State's experts used the statutory definition of the term at issue in reaching their conclusions, the trial court did not abuse its discretion when it denied Stevenson's motions to strike. We overrule issues eight and nine.

### *Jury Selection*

In issue six, Stevenson complains that the trial court had his clerk distribute jury donation forms to the venire before voir dire. Before the trial commenced, Stevenson suggested to the trial court that by handing out the forms before voir

20

dire, members of the venire "are going to feel more compassionate towards the victims that are being discussed." On appeal, Stevenson argues that distributing the donation forms before voir dire deprived him of a fair trial.

Section 61.003 of the Texas Government Code requires that each person reporting for jury service be given the option of donating their fee. *See* Tex. Gov't Code Ann. § 61.003(a) (West 2013). Section 61.003(a) provides that:

> (a) Each person who reports for jury service shall be personally provided a form letter that when signed by the person directs the county treasurer to donate all, or a specific amount designated by the person, of the person's daily reimbursement under this chapter to:
>
> (1) the compensation to victims of crimes fund under Subchapter B, Chapter 56, Code of Criminal Procedure;
>
> (2) the child welfare, child protective services, or child services board of the county appointed under Section 264.005, Family Code, that serves abused and neglected children;
>
> (3) any program selected by the commissioners court that is operated by a public or private nonprofit organization and that provides shelter and services to victims of family violence; or
>
> (4) any other program approved by the commissioners court of the county, including a program established under Article 56.04(f), Code of Criminal Procedure, that offers psychological counseling to jurors in criminal cases involving graphic evidence or testimony.

*Id.* (footnote omitted).

The record does not include the form that the trial court provided to the prospective jurors. Additionally, Stevenson did not ask the prospective jurors about the form during voir dire. On the record that is before us, we are unable to conclude that any of the jurors selected to serve on the jury were biased. *See Boone v. State*, 60 S.W.3d 231, 237 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Even if Stevenson could demonstrate that persons who served on his jury had donated the reimbursement the State provided for their jury service to a charity, we would not imply that the juror possessed a bias that would disqualify that juror from serving. *See Harvey v. State*, 123 S.W.3d 623, 633 (Tex. App.—Texarkana 2003, pet. ref'd) ("A juror may deplore the crime underlying the action in which he or she has been called on to serve, even donating to general funds designed to assist victims of that crime, and still be able to impartially weigh the evidence presented as to a defendant's guilt or innocence and, if the defendant is found guilty, fairly assess punishment."); *Ruckman v. State*, 109 S.W.3d 524, 528 (Tex. App.—Tyler 2000, pet. ref'd) (holding that the trial court did not err in refusing to dismiss prospective jurors who had donated their juror fee to the crime victim's compensation fund or the child welfare fund because there was no implied bias).

Section 61.003 does not provide guidance regarding when prospective jurors should be given a form that allows them to elect whether to donate their fees for

22

jury service to various charities. *See* Tex. Gov't Code Ann. § 61.003. Nevertheless, we will not presume harm when the form is given to the prospective jurors before voir dire, and nothing in the record shows that Stevenson's jurors were biased because they were given a form allowing them to elect to donate their fees. We overrule issue six.

*Comments of the Trial Court During Jury Selection*

In issue seven, Stevenson complains that the trial judge addressed the venire panel while the "litigants [were] absent from the courtroom preparing their peremptory challenges[.]"[3] Stevenson contends that the trial court's communication with the jury "disclosed additional personal facts and beliefs of the prospective jurors." While the trial court never expressly denied Stevenson's request that it not have any interaction with the prospective jurors in his absence, the trial court implicitly denied the request by agreeing that if the trial court addressed the venire panel, its remarks would be kept on the record.

"In order to reverse a judgment on the ground of judicial misconduct the complaining party must show either bias of the judge or that he suffered probable

---

[3]Before beginning voir dire, Stevenson's attorney asked if the trial court would "consider not making those remarks at all, simply because if the Court was just talking to the jury, it's one thing. But the jury wants to interact with you, and they end up asking other questions and it becomes an unintended voir dire where more information is being disclosed that could benefit one side or the other."

23

prejudice." *Valenzuela v. St. Paul Ins. Co.*, 878 S.W.2d 667, 670 (Tex. App.—San Antonio 1994, no writ). Although the statements the trial court made to the venire outside Stevenson's presence are in the record, the only specific statements that Stevenson points to in his brief regarding bias concern the trial court's statement not to "rub it in to the people that weren't selected[]" for the jury, the trial court's statement about the general expense associated with jury trials, a statement made by a member of the venire that one of her best friends was a retired associate judge in Harris County, and statements the trial court made expressing impatience with the length of time the parties were taking to strike the jury.

Stevenson does not cite any statutes or case law supporting his argument that the trial court is prohibited from communicating with the venire on matters unrelated to the subject that is being tried. Moreover, "[t]he conduct of the voir dire examination rests largely within the sound discretion of the trial court." *Felder v. State*, 758 S.W.2d 760, 766 (Tex. Crim. App. 1988); *see also* Tex. Health & Safety Code Ann. § 841.146 (a) (West 2010) (providing that the "number and selection of jurors are governed by Chapter 33, Code of Criminal Procedure"). And, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. U.S.*, 510 U.S 540, 555 (1994). Expressions

of impatience, dissatisfaction, annoyance, or even anger are generally not sufficient to establish that the judge was biased or partial. *Id.* at 555-56.

In his brief, Stevenson relies on Rule 226a of the Texas Rules of Civil Procedure to support his argument that the trial court is prohibited from talking with the jurors. *See* Tex. R. Civ. P. 226a. However, the instruction the Texas Supreme Court promulgated for trial courts to provide to the venire under this rule requires that trial courts instruct that members of the venire "not mingle or talk with the lawyers, witnesses, parties, or anyone else involved in the case." *See* Order of the Supreme Court, 401-402 S.W.2d (Tex. Cases) xxxvii-xlii (Tex. 1966, amended 1971, 1973, 1983, 1987, 2011) (subsequent amendments not relevant to quoted section of instructions). We disagree that the Texas Supreme Court has interpreted Rule 226a in a way that proscribes a trial court from communicating with potential jurors during voir dire.

The comments of the judge and veniremen at issue in Stevenson's case do not show that the trial court was biased or that Stevenson suffered any prejudice from the process the trial court followed during voir dire. *See Valenzuela*, 878 S.W.2d at 670. We overrule issue seven. Having overruled all of Stevenson's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice


Submitted on March 1, 2013
Opinion Delivered September 19, 2013
Before McKeithen, C.J., Gaultney and Horton, JJ.